IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| MARTIN QUICK, | ) | Cause No. CV 08-002-GF-SEH-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF UNITED STATES MAGISTRATE JUDGE |
| CROSSROADS CORRECTIONAL | ) | TO DISMISS FEDERAL CLAIMS AND REMAND |
| CENTER, et. al. | ) | MATTER TO STATE COURT |
| | ) | |
| Defendants. | ) | |

_____

This matter comes before the Court on Plaintiff's Complaint filed in the Ninth Judicial Court of Montana, Toole County on November 20, 2007 (Document 2) and his Amended Complaint filed in this Court on May 30, 2008. (Document 12).

**I. STATEMENT OF THE CASE**

    **A.**     **Jurisdiction**

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 seeking to recover for an alleged denial of due process regarding a disciplinary hearing held at the Crossroads Correctional

Center in Shelby, Montana. Plaintiff has made allegations of violations of constitutional and civil rights under the United States Constitution, the Montana Constitution, Montana law and Montana Rules and Regulations. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's federal claims. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

B.   **Parties**

Plaintiff is a state prisoner currently in the intensive supervision program in Billings. Plaintiff is proceeding pro se.

Plaintiff has named the following employees of Crossroads Correctional Center as Defendants: Captain Taft, Correctional Officer Hart, Lt. Johnson, Assistant Warden Law, Warden McDonald, Correctional Officer Green, Case Manager McDonough, and S.C. Volrath. In addition, he names an individual with the last name Smith, head of inmate placement for the Montana Department of Corrections; Director Ferriter, Montana Department of Corrections; and Inmate Shane Oster.

C.   **Procedural History**

Plaintiff filed a motion to proceed in forma pauperis in the Ninth Judicial District of Montana, Toole County on November 15, 2007. That motion was granted on November 19, 2007. His Complaint (Document 5) was filed in state court and summons was issued on November 20, 2007. Defendants filed a Notice of Removal in this Court on January 8, 2008. (Document 2). Plaintiff filed a Motion to Remand on January 30, 2008 (Document 6) which was denied May 1, 2008. (Document 11). In the Order denying remand, the Court permitted Plaintiff

to file an amended complaint.

On May 30, 2008, Plaintiff filed a document entitled Amended Complaint (Document 12) but he also sent a letter to the Court indicating that he did not wish to amend the original complaint.

### D. Allegations

Plaintiff alleges that inmate Shane Oster falsely accused Plaintiff of assaulting him on April 25, 2007.  As a result, Plaintiff was disciplined by prison officials and "went from having (2) points to having 10 points."  (Document 5–Complaint, p. 5).  Plaintiff appealed the disciplinary decision to no avail.

Plaintiff alleges Defendants failed to investigate or substantiate Oster's claims and failed to follow policy with regard to the disciplinary proceedings.  Thus, he alleges he has been denied due process of law.

Plaintiff contends that he was deprived of his clear conduct which resulted in the cancellation of his appearance before the pre-release screening board and caused him to be reclassified from minimum to medium security.  Plaintiff alleges that he is "virtually guarenteed [sic] to be denied entrance into any State pre-release center." (Document 5–Complaint, p. 6).

## II. ANALYSIS

The Court will now complete the prescreening process as required by 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  To state a claim for a due process violation, a plaintiff must show (1) that he had a protected liberty interest, and (2) that he was deprived of that interest without adequate due process.  If there is no liberty interest at stake, the Constitution does not require any

process, and the second element becomes irrelevant.  *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215, 223-24 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Erickson v. United States*, 67 F.3d 858, 861 (9th Cir. 1995).

### 1. Liberty Interest

In the prison setting, a liberty interest is recognized and protected only if state officials or employees take actions that either (1) affect the sentence imposed upon conviction in an unexpected manner, or (2) impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life.  *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

In Plaintiff's case, the threshold requirement for showing a liberty interest is not met. Plaintiff is serving a fifteen-year term for tampering with a witness or informant. (Document 5, p. 1).  "Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."  *Meachum*, 427 U.S. at 225. Consequently, placement in any part of a Montana prison would not affect the sentence in an unexpected manner.  Although Plaintiff complains that this discipline will "virtually guarantee" that he would be denied entrance into a State pre-release program; *Sandin* itself precludes consideration of the effect of Plaintiff's placement on his parole prospects as "too attenuated." *See Sandin*, 515 U.S. at 487.  Moreover, it appears from the Department of Corrections website that Plaintiff has been placed in a intensive supervision program.  *See* CON Network, http://app.mt.gov/conweb.  Therefore, the first prong of the *Sandin* test for a liberty interest is not met.

The second prong of the *Sandin* test also is not met. Whether a hardship is "atypical and significant" depends on three factors:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (citing *Sandin*, 515 U.S. at 486-87); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (holding that inmate was not deprived of a liberty interest where he was placed at a higher security level than indicated by calculation under controlling prison regulations). Plaintiff has not alleged that any discipline imposed created a hardship that was atypical and significant in relation to the ordinary incidents of prison life. In fact, it is unclear from Plaintiff's Complaint and Amended Complaint precisely what discipline (other than reclassification) was imposed. The Court specifically pointed out this defect in Plaintiff's allegations in its prior Order. However, even in his Amended Complaint, Plaintiff failed to describe the discipline imposed and failed to explain how any such discipline was atypical and significant.

Therefore, it is irrelevant whether Plaintiff received adequate due process protections, because he has not demonstrated a protected liberty interest and therefore he was not constitutionally entitled to due process.

**2. Supplemental Jurisdiction**

Pursuant to 28 U.S.C. § 1367(c), the district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original

jurisdiction.  As this Court is recommending the dismissal of Plaintiff's federal constitutional claim (the basis of this Court's jurisdiction), it further recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and remand these matters back to the state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51, 357 (1988)(in a properly-removed case, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain," generally the interests of "judicial economy, convenience, fairness, and comity" will weigh in favor of a remand of the state-law claims to state court).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATION

Plaintiff's federal claims brought pursuant to 42 U.S.C. § 1983 should be dismissed and this matter should be remanded to the Ninth Judicial District Court for Toole County pursuant to 28 U.S.C. § 1441(c).  The Clerk of Court should be directed to send a certified copy of the notice of remand to the Clerk of Court for Toole County, Montana.

The Clerk of Court is directed to serve a copy of this Finding and Recommendation upon Plaintiff c/o Billings Probation and Parole, 2615 4th Avenue South, Billings, Montana  59107.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date this Findings and Recommendations is entered as indicated on the Notice of Electronic Filing.  A district judge will

make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE.**

DATED this 25th day of September, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge